UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                )
William E. Sampson,             )
                                )
        Plaintiff,              )
                                )
        v.                      )     Civil Action No. 04-1767 (GK)
                                )
Washington Metro. Area          )
Transit Authority, et al.       )
                                )
        Defendants.             )
_____)
```

MEMORANDUM ORDER

Plaintiff, William E. Sampson, brings this suit alleging intentional infliction of emotional distress, and violations of his First Amendment rights, for acts taken against him after he notified several of his supervisors and managers at Washington Metropolitan Area Transit Authority ("WMATA") about, inter alia, potential safety hazards in the workplace. Defendants are WMATA and eight individual current and former WMATA employees.[1]

This matter is before the Court on pro se Defendant Moseley's Motion to Dismiss [#46] and Motion for Summary Judgment [#50].[2]

---

[1]Defendants are WMATA, Herbert S. Bullock, James R. Brown, Ernest Barber, Jr., Gairy O. Johnson, Steven Moseley, R. Sean Burgess, Alan G. Nabb, and John B. Catoe, Jr. Plaintiff's First Amendment claims are not asserted against Defendants Barber or Moseley.

[2]All Defendants who have been served have filed dispositive motions in this case; however, this opinion deals only with Defendant Moseley's Motion to Dismiss [#46] and Motion for Summary Judgment [#50]. The Court will address the remaining motions at a

Upon consideration of the Motions, Opposition, and the entire record herein, and for the reasons stated below, Defendant Moseley's motions are **denied.**

## I.  BACKGROUND[3]

On or about August 16, 1999, Plaintiff began working for WMATA as a mechanic's helper in communications with the Radio Maintenance Department.  Some of Plaintiff's responsibilities related to the "safety of both bus operations and patrons through radio and other means of communication."  Compl. at ¶ 14.

During the Spring and Summer of 2002, WMATA received nearly one hundred new buses.  None of the buses had radios.  Plaintiff questioned his supervisor, Defendant Gairy Johnson, the area supervisor, Defendant Herbert Bullock, and the street supervisor, Gary Speicher, regarding whether the lack of radios in the new buses posed a safety hazard.  None of them provided a satisfactory response.

In August 2002, Plaintiff wrote a "bus safety memorandum" and distributed it to the head of safety at WMATA, Frank Goodine, Defendant Johnson, Defendant Barber, and several others.  Plaintiff

---

later date.

[3] For purposes of ruling on a motion to dismiss, the factual allegations of the complaint are presumed to be true and liberally construed in favor of the plaintiff <u>Abigail Alliance v. Von Eschenbach</u>, 445 F.3d 470, 475 (D.C. Cir. 2006).  Therefore, the facts set forth herein are taken from Plaintiff's Amended Complaint.

asserts that from that point forward, WMATA retaliated against him for voicing his safety concerns.  For example, Plaintiff claims he was told to "drop the matter," he was subjected to "verbal abuse," and in November 2002, he was improperly disciplined for "defacing" WMATA property after he indicated on a safety meeting "sign up sheet" that nobody had attended.  Id. at ¶¶ 19-26.

Around that time, Plaintiff left a message on the general manager's hotline that handled retaliation, oversight, and mismanagement.  He also told Ruth O'Hara, the executive assistant to the head of WMATA's safety department, that he thought WMATA was retaliating against him.  He later e-mailed Ms. O'Hara information relevant to his complaint.  WMATA initiated an investigation, and Plaintiff was eventually introduced to WMATA's Auditor General, James Stewart.  In addition to information about alleged retaliation against him, Plaintiff provided information to the auditors about employees improperly using WMATA resources.

On February 6, 2003, Defendant Johnson posted a notice about an "administrative investigation" that was initiated as a result of Plaintiff's complaints.  Id. at ¶ 33.  Defendant Moseley, one of Plaintiff's co-workers, began telling other employees that Plaintiff was responsible for the investigation.  Moseley also made comments about Plaintiff such as "what we should do about the terrorist in here" and the "war in here," and began warning other employees about getting involved with Plaintiff.  Id. at ¶¶ 33-36.

On at least two occasions thereafter, according to Plaintiff, Defendant Moseley made remarks to WMATA employees, in Plaintiff's presence, about how accidents can happen on their job site.  Id. at ¶ 37.

Between August 18, 2003 and September 3, 2003, Plaintiff was called into meetings with two different superintendents who each questioned him about "what he wanted."  Id. at ¶¶ 38-39.   Around that time, Plaintiff requested a transfer to avoid any potential physical harm.

On September 17, 2003, Plaintiff sent an e-mail to Johnson expressing his concerns regarding various safety issues, including lack of training, lack of adequate procedures, and potentially hazardous conditions.  The next day, Plaintiff was notified that he would be transferred to a different facility, but that he would have to complete a "WMATA-sponsored Effective Workplace Behavior course."  Id. at ¶ 40.   He was then escorted off the premises. Between March 12, 2004 and March 26, 2004, Plaintiff sent three additional e-mails to other officials regarding his safety concerns.

## II.  STANDARD OF REVIEW

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Davis v.

Monroe County Bd. of Educ., 526 U.S. 629, 654 (1999). Accordingly, the factual allegations of the complaint must be presumed true and liberally construed in favor of the plaintiff. Abigail Alliance v. Von Eschenbach, 445 F.3d 470, 475 (D.C. Cir. 2006). However, the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations. Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)(internal citations omitted).

The Federal Rules of Civil Procedure require that if, on a motion to dismiss for failure to state a claim, the movant submits matters outside the pleadings which are not excluded by the court, the motion must be treated as one for summary judgment and disposed of in accordance with Rule 56. Fed. R. Civ. P. 12(b). Defendant's motions require consideration of matters outside the pleadings and will thus be treated as motions for summary judgment.

Summary judgment will be granted when the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits or declarations, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c). A fact is "material" if it might affect the outcome of the action under the governing law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242 (1986). The party seeking summary judgment bears the

initial burden of demonstrating an absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).

In determining whether the movant has met this burden, a court must consider all factual inferences in the light most favorable to the non-moving party. <u>McKinney v. Dole</u>, 765 F.2d 1129, 1135 (D.C. Cir. 1985); <u>see also</u> <u>Anderson</u>, 477 U.S. at 255. Once the moving party makes its initial showing, however, the nonmoving party must demonstrate "specific facts showing that there is a genuine issue for trial." <u>Celotex</u>, 477 U.S. at 324; <u>McKinney</u>, 765 F.2d at 1135. Accordingly, the nonmoving party must provide evidence that would permit a reasonable jury to find in his or her favor. <u>Liberty Lobby</u>, 477 U.S. at 255-56. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." <u>Anderson</u>, 477 U.S. at 249-50 (citations omitted).

## III. **ANALYSIS**

To establish a cause of action for intentional infliction of emotional distress a plaintiff must show 1) extreme and outrageous conduct on the part of the defendant which 2) either intentionally or recklessly 3) causes the plaintiff severe emotional distress. <u>See</u> <u>Larijani v. Georgetown Univ.</u>, 791 A.2d 41, 44 (D.C. 2002).

Defendant Moseley's two-sentence Motion to Dismiss [#46] states that Plaintiff's claims should be dismissed because, as a matter of law, his actions were not extreme or outrageous. Likewise, in his Motion for Summary Judgment [#50], Defendant

Moseley argues that his actions were not extreme enough to support a claim for intentional infliction of emotional distress.  He cites his June 15, 2006 deposition testimony as "factual evidence that [Plaintiff's claim is] baseless."  Def.'s Mot. Summ. J. at 2.

Plaintiff did not file any response to Defendant Moseley's Motion to Dismiss, and responded to Defendant Moseley's Motion for Summary Judgment by referencing Oppositions filed in response to other Defendants' dispositive motions.[4]  Those Oppositions show that Plaintiff is proceeding on the theory that Moseley's remarks were veiled threats of physical violence.  Indeed, in its Motion for Summary Judgment, WMATA claims that it disciplined Moseley for violating its workplace violence policy based on his behavior towards Plaintiff.  Defs. Mot. Summ. J. [#42] at 23.  Plaintiff has submitted a lengthy declaration in which he claims that Moseley attempted to physically intimidate him by blocking his path on multiple occasions and shouting obscenities at him.  Moreover, Plaintiff claims that Defendant told their unionized co-workers that Plaintiff had implicated them in an administrative investigation.  <u>See</u> Plaintiff's Opp'n to Defs.' Mot. Summ. J. [#53], Exhibit 1 at ¶ 19, 29, 103, 106, 108, 110, 111, 112.

Plaintiff is alleging threats of violence and intimidation in

---

[4]The Court could dismiss Plaintiff's claim against Moseley based on his failure to respond to Defendant's Motion to Dismiss; however, given the Motion's conclusory nature and general lack of substance, the Court declines to do so.

a unionized workshop employment setting.  Certain material facts are in dispute.  Moreover, based on the present record, given the total context of Plaintiff's allegations, the Court cannot, at this time, say that no reasonable jury could find Defendant Moseley liable for intentional infliction of emotional distress.

**IV.   CONCLUSION**

For the reasons noted above, it is hereby

**Ordered** that Defendant Moseley's Motion to Dismiss [#46] and Motion for Summary Judgment [#50] are **denied.**


March 20, 2007
<u>  /s/                     </u>
Gladys Kessler
U.S. District Judge


**Copies to**:  **attorneys of record via ECF, and**

**STEVEN MOSELEY**
**5218 Darien Road**
**Baltimore, MD 21206**